Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3293 | **DATE** | 12/13/2002 |
| **CASE TITLE** | Telewizja Polska USA vs. Echostar Satellite Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER CORRECTED MEMORANDUM OPINION AND ORDER due to pages nine and ten missing from the order entered 12/12/02. The Court grants EchoStar's motion to dismiss (doc.no.5-1). The case is hereby terminated. Motion to extend discovery schedule is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 16 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 28 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD6 | courtroom deputy's initials | 02 DEC 13 PM 5:01 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| TELEWIZJA POLSKA USA, INC., an Illinois corporation, ) ) ) Plaintiff, ) ) v. ) ) ECHOSTAR SATELLITE CORPORATION, ) a Colorado corporation, ) ) Defendant. ) | Judge Ronald A. Guzmán<br><br>02 C 3293<br><br>**DOCKETED**<br>DEC 1 6 2002 |

## MEMORANDUM OPINION AND ORDER

Telewizja Polska USA, Inc. ("Polska") has sued EchoStar Satellite Corporation ("EchoStar") for breach of contract (Count IV), violation of Section 43(a) of the Lanham Trademark Act ("Lanham Act") (Count I), 15 U.S.C. § 1125(a), violation of the Illinois Consumer Fraud and Deceptive Practices Act (Count II), 815 ILL. COMP. STAT. 505, and violation of the Illinois Uniform Deceptive Trade Practices Act (Count III), 815 ILL. COMP. STAT. 510, and in the alternative to its breach of contract claim, for unjust enrichment (Count V). Before the Court is EchoStar's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion.

## FACTS

Polska is a Delaware corporation engaged in the distribution of Polish language television and radio programming for viewing and/or listening by the public. (Am. Compl. ¶ 1.) EchoStar is a Colorado corporation which broadcasts television and radio programming via satellite to the general public throughout the United States. (*Id.* ¶ 2.) On or about April 30, 1998, Polska contracted with EchoStar ("Agreement") to provide Polish language television and

1

radio programming ("Programming Service") to EchoStar through which EchoStar could sell subscriptions for Polska's Programming Service. (*Id.* ¶ 5.) The Agreement was for a three (3) year term. (*Id.* ¶ 5.) Pursuant to the Agreement, Polska granted EchoStar a license to use its trademarks to market the Programming Service to customers. (*Id.* ¶ 6.)

> Paragraph Two of the Agreement entitled "TERM" provides that:
>
> upon the expiration or earlier termination of the Agreement, if EchoStar has already launched the Programming Service on its Satellite, it shall continue to provide EchoStar the Programming Service under the terms and conditions outlined herein for a period of time that is the shorter of twelve (12) months or that number of months necessary for EchoStar to provide the Programming Service to service Subscribers who bought a multi-month subscription to the Programming Service prior to the receipt by EchoStar of notice of termination of the Agreement.

(*Id.* Ex. A, Agreement ¶ 2.)

After the termination date of the Agreement, April 30, 2001, EchoStar used Polska's name, symbols, logos, trade names and trademarks to market Polska's Programming Service to new subscribers. (Am. Compl. ¶ 8.)

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all allegations as true and draw all reasonable inferences in favor of the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. FED. R. CIV. P. 10(c). The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case. *Stepan Co. v. Winter Panel Corp.*, 948 F. Supp. 802, 805 (N.D. Ill. 1996). This provision must be read in conjunction with Rule 8(a) which mandates a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a); *Stepan*,

948 F. Supp. at 805. Because the Federal Rule of Civil Procedure only requires notice pleading, and the pleadings "must be liberally construed and mere vagueness or lack of detail alone cannot be sufficient grounds for dismissal." *Stepan*, 948 F. Supp. at 805. As a result, a motion to dismiss may be granted only if the Court concludes that the non-movant can prove no set of facts in support of his claim which would entitle him to relief. FED. R. CIV. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A.  **Breach of Contract Claim**

Polska claims that EchoStar has breached the Agreement entered into on April 30, 1998 by continuing to sell new subscriptions to Polska's Programming Service and using Polska's trademarks for its own marketing purposes after the Agreement authorizing such use had terminated. Polska argues that the language of Paragraph Two of the Agreement exists to permit the parties to wind down their relationship as it affects subscribers. Polska reasons the language imposes upon Polska an obligation to continue to provide Programming Services to EchoStar for the shorter of twelve months or the time necessary to fulfill preexisting subscriptions ("Post-Termination/Expiration Period"). Polska argues that the language does not grant or extend the right to use Polska's trademarks to market Polska's Programming Services to EchoStar.

EchoStar argues that the language of Paragraph Two of the Agreement gave EchoStar the right to *continue* to provide Polska's Programming Services to subscribers *under the terms and conditions of the Agreement* for twelve months after the Agreement's expiration. EchoStar reasons that pursuant to the terms and conditions of the Agreement, Polska granted EchoStar a license to use its trademarks to market Polska's Programming Services to EchoStar's customers, and therefore EchoStar was not limited in selling Polska's Programming and using Polska's trademarks during the twelve months after the Agreement expired.

3

To prevail on a breach of contract claim under Illinois law, a plaintiff must establish (1) the existence of a valid and enforceable contract, (2) his own performance under the terms of the contract, (3) a breach of the contract by the defendant, and (4) an injury suffered as a result of the defendant's breach. *Petri v. Gatlin*, 997 F. Supp. 956, 963-64 (N.D. Ill. 1997).

Citing the four-part test for a breach of contract claim and *Petri v. Gatlin*, EchoStar argues that a conclusory allegation of a breach is insufficient and that Polska must state the facts underlying the breach. EchoStar argues that Polska has failed to plead facts sufficient to state a claim for breach of contract. In making such an argument EchoStar draws attention to the fact that Polska admits that Paragraph Two of the Agreement gave EchoStar the right to continue to provide Polska's programming to subscribers for up to twelve months under the terms and conditions of the Agreement after the Agreement's expiration. EchoStar argues that because Polska has not alleged that EchoStar sold programming for greater than twelve months after April 30, 2001, it has not pleaded facts sufficient to allege breach of the Agreement.

Whether a contract is clear and unambiguous is a question of law for the court. *Am. Nat'l Trust Co. of Chicago v. Kentucky Fried Chicken of S. Cal., Inc.*, 719 N.E.2d 201, 210 (Ill. App. Ct. 1999). If the terms of a contract are not ambiguous, construction of those terms is also a matter of law for the court to determine. *Dun & Bradstreet Corp.*, 159 F.3d at 1035; *City of Clinton v. Moffitt*, 812 F.2d 341 (7th Cir. 1987).

Illinois law is clear that "clear and unambiguous contract terms must be given their ordinary and natural meaning," and contracts "should be interpreted as whole, giving meaning and effect to each provision thereof." *Srivastava v. Russell's Barbecue, Inc.*, 523 N.E.2d 30, 33 (Ill. App. Ct. 1988); *see Seward v. B.O.C. Div. of Gen. Motors Corp.*, 805 F. Supp. 623, 628 (N.D. Ill. 1992). The mere fact that the parties do not agree on the meaning of the contract terms does not render it ambiguous. *Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998); *Allied Asphalt Paving Co. v. Village of Hillside*, 731 N.E.2d 425, 429 (Ill. App. Ct. 2000);

4

*Spectramed Inc. v. Gould Inc.*, 710 N.E.2d 1, 7 (Ill. App. Ct. 1998). A contractual provision must be reasonably susceptible to more than one interpretation to be considered ambiguous. *Bourke*, 159 F.3d at 1036. When the contract's terms are clear and unambiguous, the court must determine the intent of the parties solely from the plain language and content of the contract. *Church v. Gen. Motors Corp.*, 74 F.3d 795, 799 (7th Cir. 1996); *Tishman Midwest Mgmt. Corp. v. Wayne Jarvis, Ltd.*, 500 N.E.2d 431, 434 (Ill. App. Ct. 1986). "The rights of parties to a contract are limited by the terms expressed in the contract; a court will not rewrite a contract to suit one of the parties, but will enforce the terms as written." *Wright v. Chicago Title Ins. Co.*, 554 N.E.2d 511, 514 (Ill. App. Ct. 1990).

Applying these principles, the Court holds that the language of this Agreement is manifestly clear and unambiguous. The Agreement, entered into on or about April 30, 1998, provided for a contract term of three years. However, the Agreement also provided for an additional term of up to twelve months after this three-year period if the Agreement was either terminated by one of the parties or if the Agreement expired. The Agreement expired on April 30, 2001. During this twelve-month Post-Termination/Expiration Period EchoStar's rights were not limited in anyway under the Agreement. Paragraph Two of the Agreement states that during this period of time Polska *shall continue to provide EchoStar with the Programming Service under the terms and conditions outlined herein*. Under the terms and conditions of the Agreement, EchoStar was granted the right to *offer and sell subscriptions to the Programming Service and [to] conduct customer service functions in accordance with the terms and conditions of th[e] Agreement*. (Am. Compl., Ex. A, Agreement ¶ 1.2.1.) No limitation was placed on the terms and conditions of the Agreement in the Post-Termination/Expiration Period. Nowhere in Paragraph Two, or in any other provision of the Agreement, is there a restriction placed on EchoStar's right to solicit new subscriptions to Polska's Programming Service in the Post-Termination/Expiration Period. The Court finds that the plain language of Paragraph Two is

5

susceptible to only one interpretation. The only terms and conditions "herein" to which Paragraph Two of the Agreement could be referring are the exact terms and conditions of the Agreement as written.

Polska argues that the express language of the Agreement provides for a three-year contract term and to allow EchoStar to solicit new subscriptions in the Post-Termination/Expiration Period transforms the Agreement into a four-year contract, which was not the intent of the parties. However, the intent of the parties is to be ascertained from the clear language of the Agreement. Although the Agreement as written does give EchoStar the right to solicit new subscriptions for a period of up to four years, the Agreement's language is unambiguous and was entered into willingly by both parties. If Polska did not want EchoStar to continue to have the right to solicit new subscriptions in the Post-Termination/Expiration Period, a limitation on such a right should have been expressly included in the terms of the Agreement. Alternatively, if Polska did not want to enter into what is, in effect, a four-year contract term, the Agreement as written should not have been entered into by Polska.

With these principles in mind, the Court holds that under the clear and unambiguous terms of the Agreement, EchoStar had the right to solicit new subscriptions to the Programming Service in the Post-Termination/Expiration Period[1] and therefore there has been no breach of contract. Therefore, EchoStar's motion to dismiss Count IV is granted.

Having found that Polska has not stated a claim for breach of contract because EchoStar had the right to sell and solicit new subscriptions in the twelve-month period following the expiration of the Agreement, Polska's other claims also fail. As explained below, all of the other claims are predicated on the fact that EchoStar did not have the right to market the

---

[1] Plaintiff has neither alleged or argued nor is it reasonable to infer from the complaint that the conduct complained of continued after the Post-Termination/Expiration Period which ended on April 30, 2002.

6

Programming Service to customers or to solicit the sale of new subscriptions during the Post-Termination/Expiration Period.

**B.     Lanham Act**

Polska claims that EchoStar has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Section 43(a) of the Lanham Act provides, in relevant part:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device or any combination thereof, or any false designation of origin, or false or misleading representation of fact, or false or misleading representation of fact, which --
>
> \*\*\*
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a).

To establish a claim under the false or deceptive advertising prong of Section 43(a) of the Lanham Act, a plaintiff must prove: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products. *Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 819 (7th Cir. 1999).

Polska does not satisfy the first element of this cause of action, and therefore it cannot state a claim based on the Lanham Act. Polska claims that the required "false statement" under

7

the Act occurred when EchoStar used Polska's name, symbols, logos, trade names, and trademarks to market Polska's Programming Service to new subscribers and to obtain additional subscribers to EchoStar's satellite television and radio programming during the Post-Termination/Expiration Period. Polska claims that such actions on the part of EchoStar violates the Lanham Trademark Act because under the terms of the Agreement, EchoStar no longer had the right to market Polska's Programming Service to new subscribers or solicit the sale of new subscriptions for the Programming Service after the termination date. However, the Court has found that, under the clear and unambiguous language of the contract, EchoStar had the right to market the Programming Service up to, and no later than, April 30, 2002. As a result, EchoStar could not have made a false statement of fact in a commercial advertisement about its own or another's product during that period, and therefore could not have violated Section 43(a) of the Lanham Act. Thus, EchoStar's motion to dismiss Count I is granted and that count is dismissed with prejudice.

### C.     Illinois Consumer Fraud and Deceptive Business Practices Act Claim

Polska claims that EchoStar has violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILL. COMP. STAT. 505, by using Polska's name, symbols, logos, trade names, and trademarks to market Polska's Programming Service to new subscribers and to obtain additional subscribers to EchoStar's satellite television and radio programming despite the fact that EchoStar no longer had the right to market Polska's Programming Service to new subscribers. Polska argues that EchoStar's actions were false and misleading and therefore constitute unfair methods of competition, false representations of fact, false statements of sponsorship, affiliation, approval, certification and status likely to create a misunderstanding among consumers generally.

The Illinois Consumer Fraud and Deceptive Practices Act provides in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, ... misrepresentation ... of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of an practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," ... in the conduct of any trade or commerce are hereby declared unlawful . . . .

815 ILL. COMP. STAT. 505/2.

However, the Court has found that EchoStar had the right to use Polska's name, symbols, logos, trade names, and trademarks to market Polska's Programming Service to new subscribers and to obtain additional subscribers to EchoStar's satellite television and radio programming after the expiration date of April 30, 2001 and during the one-year Post-Termination/Expiration Period. As a result, such conduct on the part of EchoStar during that period cannot be characterized as being false and misleading and therefore cannot constitute unfair methods of competition, false representations of fact, false statements of sponsorship, affiliation, approval, certification and status likely to create a misunderstanding among consumers generally. Thus, EchoStar's motion to dismiss Count III is granted[2] and that count is dismissed with prejudice.

## D. Illinois Uniform Deceptive Trade Practices Act Claim

Polska claims that EchoStar has violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILL. COMP. STAT. 510, by using Polska's name, symbols, logos, trade names, and trademarks to market Polska's Programming Service to new subscribers and to obtain additional subscribers to EchoStar's satellite television and radio programming despite the fact that EchoStar no longer had the right to market Polska's Programming Service to new subscribers.

---

[2] EchoStar argues that Polska's Consumer Fraud Act claim also fails because Polska has not met the "consumer nexus" test by pleading facts that support that EchoStar's alleged deceptive practices were directed to the market generally or that the conduct complained of otherwise relates to consumer protection issues. Because the Court has dismissed the claim on other grounds, it need not reach this issue.

Polska argues that EchoStar's actions constituted deceptive trade practices, false representations of fact, false statements of sponsorship, affiliation, approval, certification and status likely to create a misunderstanding among consumers generally.

The Illinois Uniform Deceptive Trade Practices Act is directed towards unfair competition and acts which "'unreasonably interfere with another's conduct of his business.'" *Phillips v. Cox*, 632 N.E.2d 668, 670 (Ill. App. Ct. 1994) (quoting *Popp v. Cash Station, Inc.*, 613 N.E.2d 1150, 1156 (Ill. App. Ct. 1992)).

> In pertinent part, the Act defines "deceptive trade practices" to include when a person:
>
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
> (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another;
> ***
> (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he does not have;
> ***
> (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

810 ILL. COMP. STAT. 510/2(a)(2), (3), (5), (12).

EchoStar claims that Polska has failed to plead facts sufficient to support the claim that EchoStar misrepresented its products as EchoStar's own products or that EchoStar confused the public as to the sponsorship or source of Polska's programming and has therefore failed to plead facts sufficient to support its allegation of violation of the Illinois Uniform Deceptive Trade Practices Act. The Court agrees.

Under the terms of the Agreement, EchoStar had the right to offer and sell subscriptions to the Programming Service for a period that is "the shorter of twelve (12) months or that number of months necessary for EchoStar to provide the Programming Service to Service Subscribers who bought a multi-month subscription to the Programming Service prior to the receipt by EchoStar of notice of termination of the Agreement." (Am. Compl., Ex. A,

Agreement ¶ 2.) As a result, during the one-year Post-Termination/Expiration Period, EchoStar's actions could not have constituted deceptive trade practices, false representations of fact, false statements of sponsorship, affiliation, approval, certification and status likely to create a misunderstanding among consumers generally. In sum, EchoStar's motion to dismiss Count IV is granted and that count is dismissed with prejudice.

### E. Unjust Enrichment Claim

EchoStar contends that Polska's unjust enrichment claim should be dismissed for failure to state a claim. The Court agrees, albeit for a slightly different reason than that posited by EchoStar. EchoStar argues that under Illinois law, when a contract governs the parties' relationship, a claim for unjust enrichment is barred. However, Polska's alternative theory of unjust enrichment is based on the contingency that the Agreement was no longer in force after April 30, 2001 during the Post-Termination/Expiration Period. Because the Court has held that the terms and conditions of the Agreement were in force during that period, the contingency upon which Polska's unjust enrichment theory is based is now an impossibility. For this reason, the unjust enrichment claim cannot stand and Count V is dismissed with prejudice.

### CONCLUSION

For the reasons set forth above, the Court grants EchoStar's motion to dismiss [doc. no. 5-1]. This case is hereby terminated.

**SO ORDERED**          **ENTERED:**

*[signature]*

**HON. RONALD A. GUZMAN**
**United States Judge**