# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3293 | **DATE** | 9/1/2004 |
| **CASE TITLE** | TELEWIZJO POLSKA USA, INC. vs. ECHOSTAR SATELLITE CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court grants Polska's motion for leave to file its Third Amended Complaint [doc. no. 94-1]. The Court declines to address EchoStar's informal request for leave of Court to disclose documents and lay and expert witnesses in defense of Polska's disgorgement theory until a motion is properly filed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 137 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 SEP -2 AM 10: 28 | | |
| CG | courtroom deputy's initials | FILED-EDT Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

DOCKETED
SEP 0 3 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TELEWIZJA POLSKA USA, INC., )
an Illinois corporation, )
)
    Plaintiff, )
) Judge Ronald A. Guzmán
v. )
) 02 C 3293
ECHOSTAR SATELLITE CORPORATION, )
a Colorado corporation, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Telewizja Polska USA, Inc. ("Polska") for leave to file a Third Amended Complaint against defendant EchoStar Satellite Corporation ("EchoStar"). For the reasons provided in this Memorandum Opinion and Order, the Court grants the motion.

## FACTS

In its claim for breach of contract, Count I of the Second Amended Complaint filed on October 2, 2003, Polska alleged that after the expiration date of the affiliation agreement between the parties ("Agreement"), "EchoStar continued to use Polska's name, symbols, logos, trade names, and trademarks . . . to obtain additional subscribers to EchoStar's satellite television and radio programming." (2d Am. Compl. Count I ¶ 12.) Polska also alleged that EchoStar "continued to collect revenue from subscribers to Polska's Programming Service who had purchased multi-month subscriptions prior to the Agreement's expiration date and from new subscribers after the expiration date." (*Id.*) Polska's Second Amended Complaint stated that

EchoStar breached the Agreement in that "[a]t all times subsequent to December 21, 2001, EchoStar failed to account to Polska for the subscriptions it sold or the revenue it derived from such sales in violation of paragraphs 3.1.1 and 4.1 of the Agreement." (*Id.* Count I ¶ 14.) The sale of new subscriptions after the expiration date of the Agreement was not listed as a breach of the Agreement in the Second Amended Complaint. The damages requested under Count I of the Second Amended Complaint included "compensatory damages in excess of $1,000,000.00" and "[o]rdering an accounting to Plaintiff for all subscriptions for Plaintiff's Programming Service sold by Defendant and revenue received through such sales." (*Id.* Count I ¶ B.)

In Polska's Proposed Third Amended Complaint, Polska adds to the list of ways in which EchoStar is alleged to have breached the parties' Agreement that "EchoStar sold new subscriptions for Polska's Programming Service after April 30, 2001." (Mot. Leave File 3rd Am. Compl., Ex. D, Count I ¶ 14(h).)[1] To the list of requested damages for Count I, Polska adds: "[o]rdering EchoStar to disgorge to Polska all monies received by EchoStar from sales of subscriptions for Polska's Programming Service after April 30, 2001." (*Id.*, Count I ¶ B.)

In Count II of Polska's Second Amended Complaint, the alternate claim for unjust enrichment, Polska alleges:

13. EchoStar has collected revenue from selling subscriptions to Polska's Programming Service subsequent to April 30, 2001 and has failed to fully compensate Polska for such subscription sales and revenue derived therefrom.

14. Polska provided its Programming Services to EchoStar in detrimental and

---

[1] Polska does not point to a specific provision of the contract that was breached by EchoStar's alleged actions, but a duty not to exercise the rights granted beyond the limits of the license would seem to be implied, and the prior ruling in this case made by the Seventh Circuit supports the claim. *Telewizja Polska USA, Inc. v. EchoStar Satellite Corp.*, No. 02-4332, 2003 WL 21579968, at *2-3 (7th Cir. Sept. 10, 2003).

2

> reasonable reliance upon EchoStar's promise that the revenue derived
> from EchoStar's sales of Polska's Programming Service would be shared
> between Polska and EchoStar.

(2d Am. Compl. Count II ¶ 13.) The sale of new subscriptions after the expiration date of the Agreement is not explicitly alleged as wrongful conduct that unjustly enriched EchoStar in the Second Amended Complaint. In fact, Polska states in a reply brief filed on December 17, 2003, in support of its motion to strike EchoStar's affirmative defenses, that "[a]lthough Polska, in its initial complaint, had alleged that after April 30, 2001 EchoStar was without authority to sell new subscriptions for Polska's Programming Services, that claim does not exist in the Second Amended Complaint." (Reply Supp. Mot. Strike Affirm. Defenses at 2.) Instead, EchoStar's failure to share the revenue from such sales with Polska is identified as the wrongful act that gives rise to a claim for unjust enrichment. Polska's request for damages includes "[o]rdering an accounting to Plaintiff for all subscriptions for Plaintiff's Programming Service sold by Defendant and revenue received by Defendant through such sales." (2d Am. Compl. Count II ¶ B.)

Count II of the proposed third amended complaint more clearly makes the allegation that new subscriptions were sold:

> 13. After April 30, 2001, Polska provided its Programming Services to EchoStar in detrimental and reasonable reliance upon EchoStar's representation that it had sold multi-month subscriptions for Polska's Programming Service up to April 30, 2001 and that therefore, Polska was required to continue to provide its Programming Service to EchoStar through April 30, 2002 and upon EchoStar's promise in the Affiliation Agreement that the Programming Service would only be used by EchoStar to satisfy those Pre-Existing Multi-Month Subscriptions.
>
> 14. Contrary to its promises and representations, EchoStar sold new subscriptions for Polska's Programming Service after April 30, 2001 and through May 1, 2002, EchoStar collected subscription revenue for Polska's Programming Service from new subscribers and broadcast

3

> Polska's Programming Service to such new subscribers in the period May 1, 2002 through May 1, 2002 [sic]. In addition, EchoStar has retained all subscription revenue so received in the period December 21, 2001 through May 1, 2002, resulting in its unjust enrichment.

(Mot. Leave File 3rd Am. Compl., Ex. D, Count II ¶¶ 13-14.) Instead of "compensatory damages in excess of $1,000,000.00," (2d Am. Compl. Count II ¶ A.), Count II of Polska's proposed third amended complaint requests "[o]rdering EchoStar to disgorge all monies received by EchoStar from sales of subscriptions for Polska's Programming Service after April 30, 2001," and "[a]warding to Plaintiff all amounts through which EchoStar was unjustly enriched," (Mot. Leave File 3rd Am. Compl., Ex. D, Count II ¶¶ A-B.), in addition to the request for an accounting.

Polska argues that the purpose of the proposed amendment is "not to add causes of action but to clarify that in its claims, Polska seeks damages in the form of disgorgement of revenue for EchoStar's continued sale of new subscriptions for Polska's Programming Service after the expiration date of the Affiliation Agreement between the parties." (Mot. Leave File 3rd Am. Compl. ¶ 2.) The essential point seems to be that Polska is seeking to recover the full amount of any fees paid to EchoStar for new subscriptions to Polska's programming commenced after the expiration of the parties' agreement, rather than the percentage allotted to Polska for subscriptions sold pursuant to the parties' fee-sharing agreement.

## DISCUSSION

After a responsive pleading has been served, leave to amend may be sought from the court or by written consent of the adverse party. *Amendola v. Bayer*, 907 F.2d 760, 764 (7th Cir. 1990). The determination of whether to grant leave to amend a complaint is within the

4

discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Res., Inc.*, 401 U.S. 321, 330 (1971). If the underlying facts relied upon by plaintiff are a proper subject for relief, she should be granted an opportunity to test her claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Although leave to amend should be "freely given," *see* Fed. R. Civ. P. 15(a), leave may be denied by a demonstration of undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or the futility of the proposed amendment. *Villa v. City of Chic.*, 924 F.2d 629, 632 (7th Cir. 1991).

Prejudice to the adverse party is the most important factor to determine whether to grant leave to amend a complaint. *Zenith Radio Corp.*, 401 U.S. at 330. A motion for leave to amend will be denied when the timing of the proposed amendment would cause undue prejudice to the adverse party. *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir. 1993). To determine whether an amendment would cause undue prejudice to the adverse party, the court balances the interests of the parties. *Am. Broad. Co., Inc. v. Maljack Prods., Inc.*, No. 97 C 6510, 1998 WL 325209, at *1 (N.D. Ill. June 9, 1998). The interests that are balanced include the hardship to the moving party if leave to amend is denied, the reasons for the moving party for its failure to add the new allegations in the initial pleading, and the injustice to the adverse party if leave to amend were granted. *In re Ameritech Corp.*, 188 F.R.D. 280, 282 (N.D. Ill. 1999).

The Second Amended Complaint that Polska wishes to amend was filed on October 2, 2003, after the Seventh Circuit Court of Appeals reversed this Court's dismissal of Polska's claims. *Telewizja Polska USA, Inc. v. EchoStar Satellite Corp.*, No. 02-4332, 2003 WL 21579968, at *4 (7th Cir. Sept. 10, 2003). Polska had alleged that EchoStar breached its contract by selling new subscriptions to Polska's Programming Service after the Agreement had

terminated. This Court agreed with EchoStar that EchoStar had the right to continue to provide Polska's Programming Service to subscribers for twelve months after the expiration of the Agreement under the terms and conditions of the Agreement, including the right to sell new subscriptions. *Telewizja Polska USA, Inc. v. EchoStar Satellite Corp.*, No. 02 C 3293, 2002 WL 31804548, at *3 (N.D. Ill. Dec. 13, 2002). The Seventh Circuit found that the "reference to 'terms and conditions' most naturally refers to Polska's obligation to provide Programming Service," and "[i]n the context of the entire agreement, the most natural reading of [the disputed provision for a post-termination period] is that it was intended to ensure that existing subscribers continued to receive programming for up to one year, while permitting the parties to terminate their relationship." *Telewizja Polska*, 2003 WL 21579968, at *2-3. For this reason, the court of appeals found that there could have been a breach of contract. Although not explicitly stated, the logic of the appellate court's holding seems to require that the sale of new subscriptions in the post-expiration period may be regarded as a breach of contract.

It is not clear why, following the Seventh Circuit's decision, Polska amended its complaint to withdraw the allegation that EchoStar breached the Agreement by selling new subscriptions during the post-expiration period. After the decision, Polska seems to have focused on the second basis for the Seventh Circuit's reversing the dismissal: that pursuant to ¶ 4.1 of the Agreement, EchoStar had a duty "to account for the subscriptions that it sold and to share the profits." *Id.* at *4. Based on this duty, Polska claimed in the Second Amended Complaint that EchoStar breached its contract because it failed to pay Polska any subscription revenue received from sales of Polska's Programming Service subsequent to December 2001 and to account to Polska for the subscriptions it sold or the revenue it derived from such sales subsequent to April 30, 2001. (2d Am. Compl. ¶¶ 14(a)-(b).) Neither the Second Amended

6

Complaint nor the Seventh Circuit opinion specifically addressed whether Polska is entitled to the full amounts of any new subscription fees collected or a percentage under the fee-sharing agreement. EchoStar apparently wishes to interpret the Seventh Circuit's pronouncement that it had a duty to provide an accounting of Polska's share of the revenue as a ruling as to the measure of damages for subscriptions unlawfully sold. (Opp'n Mot. Leave File 3rd Am. Compl. at 11.) However, the Seventh Circuit based this duty on the Agreement, which it had just ruled did not authorize new subscription sales in the post-expiration period. The statement appears to address only those subscriptions sold during the contract period.

Polska's proposed Third Amended Complaint asks for more specific damages by requesting disgorgement. The discussion draft of the Third Restatement of Restitution and Unjust Enrichment defines disgorgement: "Where the defendant has acted in conscious disregard of the plaintiff's rights, the whole of any resulting gain is treated as unjust enrichment, even though the defendant's gain may exceed both (I) the measurable injury to the plaintiff, and (ii) the reasonable value of a license authorizing the defendant's conduct." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 3 cmt. b (Discussion Draft 2000). The Restatement cites for illustration a Seventh Circuit case in which the court held that if a copyright infringer makes greater profits through her infringement than the copyright owner lost, the owner may recover the additional profit even though it was not a loss to him. *Taylor v. Meirick*, 712 F.2d 1112, 1120 (7th Cir. 1983); *see Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 576 (7th Cir. 2004) (citing *Taylor* with approval). The court reasoned that calculating damages in this way is preferable though it may produce a windfall for the copyright owner because it more effectively discourages infringement, since the infringer may still realize a profit from his infringement if damages are limited to the owner's loss. *Taylor*, 712 F.2d at 1120.

7

Polska claims that its amendment to include disgorgement is a clarification of its request for damages, not a new claim.

In both counts of the Second Amended Complaint, Polska requested an accounting for all subscriptions sold during the post-expiration period and revenue received for such sales. An accounting is "an adjustment of the accounts of the parties and a rendering of judgment for the balance ascertained to be due." 1 AM. JUR. 2d *Accounts and Accounting* § 52 (2004). Under Illinois law, an action for accounting "must allege the absence of an adequate remedy at law and at least one of the following: (1) a breach of fiduciary relationship between the parties, (2) fraud, (3) a need for discovery, or (4) the existence of mutual accounts which are complex in nature." *Wausau Ins. Co. v. Woods Equip. Co.*, No. 01 C 8009, 2002 WL 398542, at *4 (N.D. Ill. Mar. 14, 2002). If the accounting is sought based on breach of a fiduciary duty, the absence of an adequate remedy at law need not be alleged. *Id.* The Restatement of Restitution provides:

> A person under a duty to another to make restitution of property received by him or of its value is under a duty (a) to account for the direct product of the subject matter received while in his possession, and (2) to pay such additional amount as compensation for the use of the subject matter as will be just to both parties in view of the fault, if any, of either or both of them.

RESTATEMENT OF RESTITUTION § 157(1) (1937). The measure of compensation "will vary according to the subject matter and the respective faults of the parties"; an innocent defendant should "fully compensate" the plaintiff but is entitled to "incidental profits," whereas a consciously tortious defendant "should make no profit from the use." *Id.* cmt. a.

Disgorgement and accounting are both forms of equitable restitution. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 n.2 (2002) (accounting for profits is a form of equitable restitution); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990) (damages in an action for disgorgement of improper profits are restitutionary and

8

equitable). The amendment is not a substantial change to Count II because disgorgement is a sub-category of actions for unjust enrichment. *See* RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 3 cmt. b. Damages for breach of contract are generally measured by the injured party's lost expectation, but where the injured party's lost expectation is less than the gain realized by the party in breach, courts have allowed restitution as an alternative remedy so that the party in breach does not gain by its wrong. 3 E. ALLAN FARNSWORTH, FARNSWORTH ON CONTRACTS § 12.20 (2d ed. 2001). Moreover, because the Agreement did not authorize EchoStar to sell new subscriptions, it is not necessarily the case that Polska's expectation would be limited to the percentage of profits it would have received if the sales had been governed by the Agreement. Because Polska's Second Amended Complaint was not specific about how the damages should be measured, the addition of a claim for disgorgement is not a major change.

The greater change is the reinstatement of the allegation that EchoStar did not have the right to sell new subscriptions in the post-expiration period. This allegation appears to have been in the original and first amended complaints but disappeared from the Second Amended Complaint. Because the allegation was originally present, its reinstatement may not have unduly surprised or prejudiced EchoStar. Discovery began on July 16, 2002 and ended on April 30, 2004; the Second Amended Complaint was filed on October 2, 2003, so the allegation was in place for the first fifteen months and withdrawn for the last six months of discovery. Polska cites discovery testimony in which the allegation is made. (Motion Leave File 3rd Am. Compl. ¶¶ 4-5.) EchoStar does not cite any testimony in which the allegation is withdrawn or contradicted. Moreover, the Seventh Circuit held that EchoStar did not have the right to sell new subscriptions in the post-expiration period in its ruling made in September 2003. EchoStar could hardly claim that it was not aware of this decision. Despite EchoStar's protestations, there does

not seem to be a basis for undue surprise or prejudice in Polska's proposed amendments.

## CONCLUSION

For the reasons set forth above, the Court grants Polska's motion for leave to file its Third Amended Complaint [doc. no. 94-1]. The Court declines to address EchoStar's informal request for leave of Court to disclose documents and lay and expert witnesses in defense of Polska's disgorgement theory until a motion is properly filed.

**SO ORDERED**  ENTERED: 9/1/04

HON. RONALD A. GUZMAN
**United States Judge**

10