# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3293 | **DATE** | 10/14/2004 |
| **CASE TITLE** | Telewizja Polska USA, Inc. vs. Echostar Satellite Corporation | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Plaintiff's Motions *in Limine* [#118-134] and Defendant's Motions *in Limine* [#108-1 through 38] are hereby granted in part and denied in part, in accordance with this Order. All matters relating to the referral of this action having been resolved, the case is returned to the assigned judge. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | **3** number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | OCT 15 2004 | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | **163** |
| | Mail AO 450 form. | | |
| ✓ | Copy to judge/magistrate judge. | 10/14/2004 date mailed notice | |

FT *secy*

courtroom deputy's initials

U.S. DISTRICT COURT
CLERK
2004 OCT 14 PM 3:44

Date/time received in central Clerk's Office

FT

mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


**DOCKETED**
OCT 1 5 2004

| | | |
|---|---|---|
| TELEWIZJA POLSKA USA, INC.<br>a Delaware Corporation, | ) | |
| | ) | Case No. 02 C 3293 |
| Plaintiff, | ) | Judge Ronald A. Guzman |
| vs. | ) | |
| | ) | Magistrate Judge |
| ECHOSTAR SATELLITE CORPORATION,<br>a Colorado corporation, | ) | Arlander Keys |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff's 17 Motions *in Limine* and Defendant's 38 Motions *in Limine*. The Court will address each party's Motions in turn.

### DISCUSSION

A Motion *in Limine* should be granted only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D.Ill.1993). Generally, motions *in limine* are disfavored. Instead of barring evidence before trial, the preferred practice is to resolve questions of admissibility as they arise. *See Scarboro v. Travelers Ins. Co.*, 91 F.R.D. 21, 22 (E.D.Tenn.1980). By deferring evidentiary rulings until trial, courts can properly resolve questions of foundation, relevancy, and prejudice. *See Hawthorne Partners*, 831 F.Supp. at 1401.

163

## I. **Plaintiff's Motions in Limine**

Plaintiff has filed seventeen separate motions *in limine*. A number of those motions attack the propriety of allowing Defendant to proceed with several affirmative defenses, based upon the evidence produced – or not produced – during discovery. Because a motion *in limine* is not the appropriate vehicle for addressing the strength of the evidence or the substance of a complaint, *See Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1362 (7th Cir. 1996), the Court denies these motions in a fairly cursory manner.

In its First Motion *in limine*, Plaintiff argues that Defendant should be prohibited from arguing that it was entitled to sell subscriptions after the parties' contract was terminated. Plaintiff notes that in *Polska USA, Inc. v. Echostar*, No. 02-4332, 2003 WL 21579968, (7th Cir. July 7, 2003), the Seventh Circuit reversed the district court's conclusion that the only permissible interpretation of the parties' contract permitted Defendant to sell subscriptions during the post-termination period. In reversing the dismissal of Plaintiff's breach of contract claim, the Seventh Circuit stated that the more natural reading of the parties' contract prohibited Defendant from selling subscriptions to the Polska programming after it received Plaintiff's notice of termination. Plaintiff asserts that the law of the case doctrine bars Defendant from arguing that its

2

conduct (ie, selling subscriptions after the termination of the contract) was permissible, because the Seventh Circuit has held otherwise.

Law of the case is a judicially created doctrine that seeks to limit repeated appeals of issues that have already been decided. *Gertz v. Welch*, 680 F.2d 527 (7th Cir. 1982). While a district court is not free to disregard an appellate ruling, the court may rule on issues not directly decided on appeal. *Id.* at 532 (noting that the law of the case doctrine is not an "immutable rule," depriving the court of jurisdiction over an issue, but is rather a prudential limitation.)

In this case, the Seventh Circuit found that Plaintiff's Complaint stated a cognizable breach of contract claim. On September 1, 2004, Judge Guzman issued a Memorandum Opinion and Order, finding that Defendant was, nevertheless, "free to argue that it had the right to [sell subscriptions during the post-termination period] because the contract did not explicitly forbid its conduct." *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.,* No. 02 C 3293 (N.D. Ill. Sept. 1, 2004). Because Judge Guzman has decided that the Seventh Circuit's ruling does not prevent Defendant from arguing that its conduct is authorized under the parties' contract, the Motion is denied

Next, Plaintiff seeks to exclude evidence and testimony supporting Defendants's counterclaim for tortious interference

3

with prospective economic advantage, in its Second Motion *in limine*. Plaintiff argues that Defendant should be precluded from presenting such evidence, because Defendant failed to produce any evidence in support of its tortious interference claim. The Court agrees that Defendant should not be permitted to introduce evidence at trial that it refused to produce during discovery. However, the Court finds that Plaintiff's argument here – that the evidence that Defendant has produced is insufficient to support a claim for tortious interference – is better reserved for a summary judgment motion. *KRW Sales Inc. v. Kristel Corp.*, No. 93 C 4377, 1994 WL 75522, at *1 (N.D. Ill. Mar. 8, 1994) (motions in limine should be utilized for resolving evidentiary, not substantive, disputes). Plaintiff's Second Motion *in limine* is denied.

Plaintiff seeks to exclude evidence and testimony supporting Defendant's defamation counterclaim, because Defendant has allegedly failed to produce sufficient evidence in support of this claim. Plaintiff is again seeking a substantive ruling on the sufficiency of Defendant's evidence. The Court denies Plaintiff's Third Motion *in limine*.

In Motion *in limine* 4, Plaintiff claims that, because one of Defendant's officers acknowledged that Defendant was withholding revenue payments, Plaintiff's alleged statement that Echostar was "scamming" Polska was not defamatory. Plaintiff is asking the

4

Court to weigh the evidence and determine whether Defendant has enough evidence in support of its defamation counterclaim to warrant a trial. Because Plaintiff is improperly seeking a ruling on the substance of Defendant's defamation claim, Motion *in limine* 4 is denied.

Plaintiff seeks to prevent Defendant from introducing at trial amendments to the deposition testimony of Mr. Michael Schwimmer. Federal Rule 30(e) allows a witness to review his deposition transcript and make "'any changes in form or substance'" to the answers. *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1406 (N.D. Ill.1993)(quoting *Lugig v. Thomas*, 89 F.R.D. 639, 641 (N.D. Ill.1981)). The witness must provide a specific reason for each change made; a blanket, conclusory explanation is insufficient. However,"[a] witness can make changes that contradict the original answers, and the reasons given need not be convincing." *Hawthorne*, 831 F. Supp. at 1406. Courts usually allow such amendments, and stress the fact that these changes can be inquired into on cross examination. *Hawthorne*, 831 F.Supp. at 1407; *Sanford v. CBS, Inc.*, 594 F.Supp. 713, 715 (N.D. Ill.1984) (noting that courts typically are reluctant to strike these changes.)

In the instant case, Mr. Schwimmer is not seeking to directly contradict his deposition testimony, but rather to "explain" or

put into context answers given during his deposition. *See,*
*e.g., Thorn v. Sundstrand Aerospace Corp.,* 207 F.3d 383, 389 (7th
Cir. 2000)(noting that, while it seems dubious to permit a
deponent to change his testimony from what he said to what he
meant to say via subsequent affidavit, Rule 30(e) clearly permits
the practice.) While Mr. Schwimmer has offered the identical
explanation for each requested change, it is not for the Court
"to examine the sufficiency, reasonableness or legitimacy of the
reasons for the change" -- that is reserved for the trier of
fact. *Lugtig,* 89 F.R.D. at 641. Plaintiff is free to explore
the distinctions between Mr. Schwimmer's deposition testimony and
amended testimony at trial. Motion *in limine* 5 is denied.

In Motion *in limine* 6, Plaintiff seeks to prevent Defendant
from introducing evidence and testimony relating to Defendant's
lost profits and lost business. Plaintiff asserts that the
evidence is inadmissible, because Defendant failed to produce
relevant tax returns, evidence of lost subscription sales, and
other responsive evidence. Defendant counters that it has
produced all relevant, non-privileged evidence, and notes that
Plaintiff's reliance upon Illinois state caselaw is misplaced.

Defendant's failure to produce its tax returns and other
requested evidence prevents Defendant from introducing such
evidence at trial. However, there is no rule stating that a tax
return is the exclusive method for proving damages or lost

6

business.  The issue of whether Defendant will be unable to establish damages absent this evidence should be addressed in a summary judgment motion.

The cases relied upon by Plaintiff are readily distinguishable, as they involved an Illinois procedural rule not applicable in the instant case, see *Hawkins v. Wiggins,* 415 N.E.2d 1179 (Ill. App. 1980); *Smith v. P.A.C.E.,* 753 N.E.2d 353 (Ill. App. 2001)(both applying Illinois Supreme Court Rule 237(b)), or a court-imposed sanction for failing to comply with a court's discovery order, pursuant to Federal Rule 37, *see Govas v. Chalmers*, 965 F.2d 298 (7th Cir. 1992), which cannot be invoked in the instant case, because there has been no court order compelling discovery.  *See FineLine Distributors, Inc. v. Rymer Meats, Inc.,* No. 93 C 5685, 1994 WL 376283, at *4 (N.D. Ill. July 15, 1994) ("the cases interpreting Rule 37(b) clearly establish that the Court should only issue sanctions pursuant to Rule 37(b) for a violation of a court order regarding discovery.")

The Court will grant Plaintiff's Motion, to the extent that Plaintiff seeks to preclude Defendant from introducing evidence that it refused to produce during discovery.  But absent evidence that Defendant's failure to produce the documents was in violation of a court order, or was otherwise wilful, the Court denies Plaintiff's Motion.

In its Seventh Motion *in limine*, Plaintiff seeks to preclude Defendant from introducing any evidence in support of its affirmative defenses of waiver, estoppel, ratification, assumption of the risk, failure to mitigate, and unclean hands. Once again, Plaintiff bases its Motion, largely, upon its claim that Defendant's evidence fails to raise a genuine issue of material fact with regard to these claims. Because substantive rulings should be reserved for substantive motions, Plaintiff's Seventh Motion *in limine* is denied.

Similarly, Plaintiff's Eighth Motion *in limine*, seeking to bar Defendant's affirmative defenses of estoppel, unclean hands, and laches, is an attack on the substance of Defendant's affirmative defenses, and is, therefore, denied.

Plaintiff's Ninth, Twelfth, and Thirteenth Motions *in limine* seek to preclude any evidence in support of Defendant's Thirteenth and Fifteenth Affirmative Defenses, and its Illinois Uniform Deceptive Trade Practices Act Counterclaim, respectively. These Motions are denied as moot, however, as Judge Guzman has already granted Plaintiff's Motion to Strike these same affirmative defenses and counterclaim. *See Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02 C 3293 (Sept. 1, 2004).

In its Tenth Motion *in limine*, Plaintiff moves for an Order finding that Defendant is a public figure for purposes of its counterclaims. The United States Supreme Court recognizes two

classes of public figures: 1) those who are public figures for all purposes; and 2) those who are public figures for a particular public controversy. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 342 (1974).

To determine whether an entity is a limited purpose public figure, courts look to "the nature and extent of an individual's participation in the particular controversy giving rise to the defamation." *Id.* at 352. The Court disagrees that Defendant's mere status as a satellite provider renders it a public figure. Nevertheless, Plaintiff has demonstrated that Defendant has sufficiently interjected its position on the controversy into the public realm so as to warrant labeling it a public figure for purposes of this defamation action.

After Plaintiff's programming was pulled from the air, Defendant repeatedly ran a message promoting its version of the events giving rise to the cancellation on the station formerly broadcasting Plaintiff's shows. Defendant had the opportunity to counter Plaintiff's alleged attacks on its reputation, as well as to shape public opinion on the issue by directly addressing the non-party individuals most interested in the controversy. Under these circumstances, this Court is of the opinion that Defendant is a limited purpose public figure. Therefore, Plaintiff's Tenth Motion *in limine* is granted, in part.

Plaintiff's Eleventh Motion *in limine* seeks to prevent Defendant from introducing any evidence in support of its fourteenth affirmative defense of mistake. Once again, Plaintiff's attack on the substance of Defendant's affirmative defense and the sufficiency of Defendant's evidence is better left to a summary judgment motion. Notably, Judge Guzman denied Plaintiff's Motion to Strike Defendant's Fourteenth Affirmative Defense in his September 1, 2004 Memorandum Opinion and Order. *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02 C 3293, at *10 (N.D. Ill. Sept. 1,2004).

In its Fourteenth Motion *in limine*, Plaintiff moves to preclude Defendant from introducing any exhibits that it has produced as translations performed by a company identified as Transtelecom. The exhibits purport to transcribe emails from unidentified individuals to Plaintiff's officers, in both the original Polish text and English translations, provided by Transtelecom. Plaintiff attacks the admissibility of the exhibits on numerous fronts. The most persuasive attack goes to the accuracy of the translations; the translations are obviously inaccurate on their face.

The exhibits consist of email communications between two alleged consumers and Plaintiff's President, Mr. B.M. Spanski. Both consumers express their frustration, in Polish, with the termination of the Polonia program. Mr. Spanski responded in

10

kind, offering both individuals the *identical* response. Despite the fact that Mr. Spanski gave the same response-- verbatim-- to both individuals, Transtelecomm has translated the responses quite differently.

Specifically, Transtelecomm interprets the first two sentences of Mr. Spanski's response to a Ms. Barbara Malewicz as follows: "Dish Network ordered us to give them full rights to distribute TV Polonia in the United States. We could not agree to those terms, nor will we agree to those terms, I am very sorry it has come to this." Conversely, Transtelecomm interprets the first two sentences of Mr. Spanski's identical response to "CAC2201" as "Dish Network worked hard to reach an agreement with TV Polonia US sales agent to allow to continue delivering television channels into your homes. There are a lot of unhappy people with this situation."

Defendant offers no explanation for the obvious differences between the translations, and the differences are significant. In this case, Defendant has alleged that Plaintiff defamed it, in part, by claiming that Defendant was demanding exclusive rights to distribute TV Polonia. The translation of Mr. Spanski's response to Ms. Malewicz strongly supports Plaintiff's claim, while the translation of Mr. Spanski's response to CAC2201 is far more benign.

However, a party challenging the authenticity or accuracy of a translation bears the burden of presenting a competing translation, permitting the trier of fact to chose which version to credit. *United States v. Briscoe*, 896 F.2d 1476, 1492 (7th Cir. 1990). In this case, Plaintiff has not offered a competing translation of the emails. Defendant has, however, substantially eased Plaintiff's burden in attacking the accuracy of Defendant's translations.

Next, Plaintiff states that the inaccurate translations are evidence of sanctionable conduct on Defendant's part. The Court disagrees that the translations, standing alone, are sufficient evidence of sanctionable conduct. The translations could be the result of honest human error. There is simply not enough evidence before the Court to sanction Defendant at this time.

Finally, "[a] judge is entitled to exclude unreliable evidence." *Dugan v. R.J. Corman R. Co.,* 344 F.3d 662, 669 (7th Cir. 2002). If the litigants were trying this case before this Court, the Court would likely strike both translations as being inherently unreliable. However, this close decision is better left to the trial judge. Motion denied.

Plaintiff's Fifteenth Motion *in limine* seeks to bar Defendant from introducing an exhibit to prove what Polska's website looked like on various dates in 2001. The exhibit is potentially damaging, as it purports to show Polska advertising

12

DISH Network as a provider of T.V. Polonia on Polska's website *after* the expiration of the contract period. Plaintiff contends that the exhibit constitutes double hearsay, and, therefore, Defendant should not be permitted to present the exhibit at trial. The Court disagrees. "To the extent these images and text are being introduced to show the images and text found on the websites, they are not statements at all – and thus fall outside the ambit of the hearsay rule." *Perfect 10, Inc. v. Cybernet Ventures, Inc.,* 213 F. Supp. 2d 1146, 1155 (C.D.Cal. 2002) (noting that the printouts of the website are admissible pursuant to the best evidence rule.) Moreover, the contents of Polska's website may be considered an admission of a party-opponent, and are not barred by the hearsay rule. *See Van Westrienen v. Americontinental Collection Corp.,* 94 F. Supp. 2d 1087, 1109 (D. Or. 2000).

Plaintiff then contends that the exhibit has not been properly authenticated[1]. Attached to the exhibits is an affidavit from Ms. Molly Davis, verifying that the Internet Archive Company retrieved copies of the website as it appeared on the dates in question from its electronic archives. Plaintiff labels the Internet Archive an unreliable source and claims that Defendant has not, therefore, met the threshold requirement for

---

[1] Coincidentally, Plaintiff claims that it is unable to access any images of its website during the time in question.

13

authentication.

Federal Rule of Evidence 901 "requires only a prima facie showing of genuineness and leaves it to the jury to decide the true authenticity and probative value of the evidence." *U.S. v. Harvey,* 117 F.3d 1044, 1049 (7th Cir. 1997). Admittedly, the Internet Archive does not fit neatly into any of the non-exhaustive examples listed in Rule 901; the Internet Archive is a relatively new source for archiving websites. Nevertheless, Plaintiff has presented no evidence that the Internet Archive is unreliable or biased. And Plaintiff has neither denied that the exhibit represents the contents of its website on the dates in question, nor come forward with its own evidence challenging the veracity of the exhibit. Under these circumstances, the Court is of the opinion that Ms. Davis' affidavit is sufficient to satisfy Rule 901's threshold requirement for admissibility. Plaintiff is free to raise its concerns regarding reliability with the jury.

Finally, Plaintiff asserts that Ms. Davis is an undisclosed expert witness and that her affidavit authenticating the exhibits should be barred. The Court rejects Plaintiff's assertion that Ms. Davis is offering an opinion, expert or otherwise, and rejects Plaintiff's argument. Plaintiff's Fifteenth Motion *in limine* is denied.

In its Sixteenth Motion *in limine*, Plaintiff asks that Defendant be prohibited from introducing any evidence that

statements – other than those alleged in its Second Amended Counterclaim– are defamatory.

Plaintiff contends that courts in the Northern District employ the precise language requirement in defamation actions. *Vantassell-Matin v. Nelson*, 741 F. Supp. 698, 707-08 (N.D. Ill. 1990). The precise language requirement ensures that the opposing party has notice of the words alleged to be defamatory in forming its responsive pleadings. *Id.*

However, at least one court in this district has questioned the propriety of employing the judicially-created precise language rule, given Rule 8's liberal notice pleading requirement. In *Socorro v. IMI Data Search Inc.*, Judge Kennelly issued a thorough and well reasoned opinion tracing the roots of the precise language rule to nonbinding precedent from the Eighth Circuit. No. 02 C 8120, 2003 WL 1964269, at *3 (N.D. Ill. April 28, 2003). Judge Kennelly further notes that "an allegation is considered 'specific enough' if it permits the defendant to understand the specific nature of the claim and form a responsive pleading." *Id.* citing *Cozzi v. Pepsi-Cola Gen. Bottlers Inc.*, No. 96 C 7228, 1997 WL 312048, at *5 (N.D. Ill. June 6, 1997) (stating that "courts in this district ... have held that the defamatory language need not be quoted verbatim").

For example, in *Harding v. Rosewell*, 22 F. Supp.2d 806, 818 (N.D. Ill. 1998), the court found that once a case proceeds

beyond the pleading stage, the appropriate inquiry is whether the opposing party had notice of the defamatory remarks. The court noted that "[t]he defendants, through discovery, have been given all the notice required of the alleged defamatory statements." *Id.*

Similarly, in the case at bar, the pleading stage has long since past; discovery is now closed. While Plaintiff asserts (but does not explain) prejudice, the Court is of the opinion that Plaintiff was given sufficient notice of the alleged defamatory remarks through the discovery process. And the "new" remarks that Defendant seeks to rely upon in support of its defamation counterclaim, like the two statements identified in Defendant's Second Amended Counterclaim, all arise from the parties' falling out over their attempts to renew their contract. Under these circumstances, the Court finds that it would be inappropriate to bar evidence of the allegedly defamatory statements not specifically identified in Defendant's Second Amended Counterclaim. Plaintiff's Sixteenth Motion *in limine* is denied.

Plaintiff seeks to bar Defendant from introducing a redacted email to an unknown recipient from Telewizja's President, B.M. Spanski in its Seventeenth Motion *in limine*. Plaintiff claims that the document should not be admitted because it has not been authenticated, among other reasons. Defendant counters that Mr.

Spanski authenticated the email by identifying it in his deposition. A review of the relevant deposition testimony belies Defendant's assertion. Mr. Spanski acknowledged that the email contained his email address, and little more. He neither recognized the email, nor remembered sending it. Because the document has not been authenticated, Plaintiff's Seventeenth Motion *in limine* is granted.

## II.  Defendant's Motions In Limine

Defendant has filed an astounding 38 Motions *in limine*; very few warrant serious discussion. In half of its motions, Defendant is seeking little more than acknowledgment that it has correctly recited the Federal Rules of Evidence. Plaintiff apparently agrees that Defendant has succeeded in this limited regard, stating that it has no objection to Defendant's Motions *in limine* Nos. 1, 2, 6, 8, 10, 14, 15, 16, 17, 20, 21, 23, 24, 25, 26, 27, 29, 33, and 36.

Motion *in limine* No. 34 (which "claims surprise" as to matters, causes of action, theories of recovery, etc. that Plaintiff hasn't specifically identified) seeks to preclude precisely *nothing,* while Motion No. 38 (a catch-all provision referencing all of the "matters listed above") seeks to preclude almost *everything*. Both Motions are denied.

Defendant's Third Motion *in limine* seeks to preclude Plaintiff's counsel and witnesses from referencing any statement

of the law, other than that regarding the burden of proof and the basic legal definitions. Plaintiff does not object to the Motion, but asks that it exclude the Seventh Circuit's holding in *Telewizja Polska USA, Inc. v. EchoStar Satellite Corp.*, No. 02-4332, 2003 WL 21579968, at *2-3 (7th Cir. Sept. 10, 2003).

Plaintiff does not suggest how, precisely, it would like to introduce the Seventh Circuit's opinion into evidence. Of course, it would be inappropriate for a witness to testify as to the contents of the Seventh Circuit's decision. The interpretation of the contract is the province of the court, not the jury; accordingly, the jury does not require assistance from the Seventh Circuit in interpreting and evaluating the scope of the parties' agreement. The Motion is granted.

Defendant's Motions *in limine* Nos. 4, 5, and 18 contend that any reference to prior verdicts, lawsuits, or claims against it is impermissible, pursuant to Federal Rule of Evidence 401 (defining relevant evidence), Rule 402 (stating that relevant evidence is generally admissible), and 403 (noting that relevant evidence should not be admitted if it is unduly prejudicial). Similarly, In Motions 28, 30, 31, and 32, Defendant seeks to exclude evidence of collateral bad acts or character evidence, citing Rule 404.

Plaintiff correctly notes however, that where a movant places its character at issue, evidence of reputation or specific

instances of conduct may be admitted to prove character. Fed. R. Evid. 405(a) and (b). A movant may put its character at issue by filing a claim for defamation, "where injury to reputation must be proven." *Johnson v. Pistelli,* No. 95 C 6424, 1996 WL 587554, at *3, n. 5 (N.D. Ill. Oct. 8, 1996).

In this case, Defendant has filed a defamation counterclaim. To the extent that Plaintiff demonstrates at trial that evidence of other claims or lawsuits involving Defendant, or of Defendant's collateral bad acts bears upon its character and reputation, that evidence may be admissible. *See Schafer v. Time, Inc.,* 142 F.3d 1361, 1370 (11th Cir. 1998). Because such evidence may be admissible at trial, upon a proper showing by Plaintiff, motions *in limine* Nos. 4, 5, 18, 28, 30, 31, and 32 are denied.

In Motions *in limine* Nos. 7, 11, 12, and 13, Defendant asserts that evidence of its size, power, net worth, assets, or wealth is irrelevant and, even if relevant, would be unduly prejudicial. *See* Fed. R. Evid. 402 and 403. In its counterclaims, however, Defendant has alleged that Plaintiff defamed it and otherwise caused it damage by claiming that Defendant is a "monopoly" and has otherwise asserted its powerful market position to bully Plaintiff. Evidence of Defendant's market strength and wealth would likely be relevant in defending against such a claim. To the extent that Defendant places its

wealth and/or power at issue, it may open the door to evidence on the issue. Therefore, the motions are denied.

Defendant's Ninth Motion *in limine* seeks to prohibit inquiry into its communications with its attorneys. While privileged communications that have not been waived will remain off limits, Defendant's request captures non-privileged communications with counsel, as well as instances where the privilege has been waived. *See, e.g., C&F Packing Co., Inc. v. IBP, Inc.,* No. 93 C 1601, 1997 WL 619848 (N.D. Ill. Sept. 30, 1997). As such, Defendant's Ninth Motion *in limine* is denied.

Defendant also seeks to prevent Plaintiff from commenting on Defendant's failure to produce a witness, if, in fact, Defendant fails to produce a witness at trial. Permitting or prohibiting attorneys from commenting on its opponents failure to call a witness rest soundly within the discretion of the trial judge. *U.S. v. Simpson,* 974 F.2d 845, 848 (7th Cir. 1992). Because a ruling on the issue is best reserved for trial, Defendant's Nineteenth Motion *in limine* is Denied.

Defendant then asks the Court to prevent Plaintiff from introducing new theories of damages, as well as previously undisclosed damage calculations. Plaintiff counters that granting the motion would eliminate the flexibility required to potentially modify its damages calculations to meet the evidence introduced at trial. The Court grants Defendant's Twenty-second

Motion *in limine* in part, barring Plaintiff from introducing at trial any evidence concerning a source of damages that it has failed to disclose. However, to the extent that Plaintiff must modify its damages calculations in light of the evidence presented or rulings made at trial, the Motion is denied.

Defendant's Thirty-fifth Motion *in limine* seeks to bar any reference to the substance of statements of potential witnesses until trial. The Court notes, however, that traditionally, attorneys have referenced potential witnesses and testimony during opening argument and that granting Defendant's Motion would prevent the parties from doing so. Defendant's Thirty-fifth Motion *in limine*, therefore, is denied.

Finally, Defendant's Thirty-seventh Motion *in limine* requests that Plaintiff be prevented from mentioning that it seeks disgorgement damages from Defendant's profits. Defendant argues that disgorgement is not a valid remedy in a breach of contract action, because the terms of the contract governs the parties' relationship. *See Conseco Group Risk Mgmt. Co v. Ahrens Fin. Sys. Inc.,* No. 00 C 5467, 2001 WL 219627, at *6 (N.D. Ill. Mar. 6, 2001).

Plaintiff does not dispute Defendant's assertion, but notes that it brought the unjust enrichment claim – which would give rise to a disgorgement remedy –in the alternative to the breach of contract claim. As Judge Guzman has not dismissed Plaintiff's

unjust enrichment claim, it would be inappropriate at this stage of the proceedings to preclude Plaintiff from mentioning disgorgement damages. Therefore, Defendant's Motion *in limine* 37 is denied.

## CONCLUSION

As set forth above, the Court grants Plaintiff's Seventeenth Motion *in limine*, and grants in part Plaintiff's Sixth and Tenth Motions *in limine*. The Court denies Plaintiff's remaining Motions *in limine*.

With respect to Defendant's Motions, the Court grants Motions *in Limine* Nos. 1, 2, 3, 6, 8, 10, 14, 15, 16, 17, 20, 21, 23, 24, 25, 26, 27, 29, 33, and 36, as Plaintiff has not objected to these Motions. The Court denies Defendant's Motions *in Limine* Nos. 4, 5, 7, 9, 11, 12, 13, 18, 19, 28, 30, 31, 32, 35, 37 and 38.

DATED: October 14, 2004     E N T E R E D:


ARLANDER KEYS
United States Magistrate Judge

22