IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TELEWIZJA POLSKA USA, INC. ) <br> a Delaware Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ECHOSTAR SATELLITE CORPORATION, ) <br> a Colorado corporation, ) <br> ) <br> Defendant. ) | Case No. 02 C 3293 <br><br> Judge Ronald A. Guzman <br><br> Magistrate Judge <br> Arlander Keys |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are Plaintiff's Motions to Reconsider three of this Court's previous rulings. On October 14, 2004, this Court issued a Memorandum Opinion and Order, addressing 17 Motions in Limine filed by Plaintiff, and 38 Motions in Limine filed by Defendant. Plaintiff argues that the Court erred in resolving three of those motions: Plaintiff's First Motion in Limine, Plaintiff's Fourteenth Motion in Limine and Plaintiff's Fifteenth Motion in Limine. For the reasons set forth below, Plaintiff's Motions are denied.

**STANDARDS**

The Seventh Circuit has repeatedly instructed that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Res. Inc., v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). A motion for reconsideration warrants serious consideration in only very

limited circumstances: where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotations omitted). A motion for reconsideration may not be used "as a vehicle to introduce new evidence;" nor does it present an opportunity " to tender new legal theories for the first time." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246. 251 (7th Cir. 1987) (quotations omitted).

### DISCUSSION

Before discussing Plaintiff's arguments, the Court will set forth the standards governing Motions *in Limine*. A Motion *in Limine* should be granted only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill.1993). Generally, motions *in limine* are disfavored. Instead of barring evidence before trial, the preferred practice is to resolve questions of admissibility as they arise. *See Scarboro v. Travelers Ins. Co.*, 91 F.R.D. 21, 22 (E.D.Tenn.1980). By deferring evidentiary rulings until trial, courts can properly resolve questions of foundation, relevancy, and prejudice. *See Hawthorne Partners*, 831 F.Supp. at 1401.

## A. Plaintiff's First Motion in Limine

Plaintiff contends that the Court erred in refusing to preclude Defendant from offering evidence or arguing at trial that, pursuant to the parties' Affiliation Agreement contract, Defendant had the right to sell new subscription agreements after termination of the Affiliation Agreement. Plaintiff notes that the Seventh Circuit issued a decision interpreting the agreement in the manner advocated by Plaintiff. In the October 14, 2004 Memorandum Opinion and Order, however, this Court noted that Judge Guzman had recently stated that Defendant was "free to argue that it had the right to [sell subscriptions during the post-termination period] because the contract did not explicitly forbid its conduct," and that Judge Guzman would be well within his authority to permit such an argument.

Plaintiff contends that the Court misapprehended its Motion; explaining that the Motion seeks to preclude Defendant only from offering testimony and argument that the Affiliation Agreement *authorized* post-expiration sales - it does *not* seek to preclude Defendant from arguing that it had the right to conduct post-expiration sales.

It is Plaintiff that is suffering from a misapprehension, if it believes that its argument satisfies the stringent requirements governing motions to reconsider. Plaintiff has not identified the evidence that Defendant seeks to introduce that

3

will show merely that EchoStar's conduct was authorized by the Affiliation Agreement- as opposed to evidence that shows that the conduct was not prohibited by the Agreement -- and this Court declines to split fine evidentiary hairs prior to trial, tying the hands of the judge presiding over the trial in the process. To the extent that Judge Guzman determines that the law of the case prevents Defendant from introducing a line of evidence or making certain arguments to the jury, this Court finds - as it found in its October 14, 2004 Memorandum Opinion and Order - that this is a decision best reserved for trial.

## B. Plaintiff's Fourteenth and Fifteenth Motions in Limine

Plaintiff then asks the Court to reconsider its rulings with regard to Plaintiff's Fourteenth and Fifteenth Motions in Limine. Plaintiff's Fourteenth Motion in Limine sought to prevent Defendant from introducing Polish to English translations of email documents allegedly written by and between Plaintiff's employees and supposed subscribers to Plaintiff's Programming Services. The Court denied Plaintiff's attempt to exclude this evidence. Undeterred, Plaintiff claims that the affidavit authenticating the evidence is not admissible; since the evidence cannot be authenticated by the affidavit, neither the affidavit nor the translations are admissible.

Plaintiff makes a similar argument in its Motion to Reconsider its Fifteenth Motion in Limine. Here, Plaintiff argues

4

that the Court simply failed to address its argument that the affidavit authenticating the underlying evidence - documents purporting to be copies of Plaintiff's website on certain dates - should be stricken.

In both instances, Plaintiff argues that these affidavits should be stricken in favor of live testimony, citing to the Seventh Circuit's decisions in *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997); and *United States v. Mack*, 249 F.2d 321, 323 (7th Cir. 1957). In response to the underlying Motions, Defendant correctly countered that these cases merely stand for the proposition that affidavits are generally inadmissible as substantive evidence; they do not touch upon the admissibility of affidavits submitted solely for the purpose of authentication. Plaintiff labels the distinction as false and dubious, stating that the only method available for authenticating documents is via live testimony.

Of course, Plaintiff is mistaken. The Federal Rules of Evidence specifically contemplate the use of affidavits to authenticate various documents, such as business records. *See Rambus, Inc. v. Infineon Tech.*, No. CIV A 300 CV 524, 348 F. Supp.2d 698, 701 (E.D.Va. 2004) citing Fed. R. Evid 902(11) ("in lieu of live testimony, the foundation for admissibility of a business record may be established by an [affidavit]." )

Similarly, the Advisory Committee Notes to Federal Rule of Evidence 903 explain that "the common law required that attesting witnesses be produced or accounted for. Today the requirement has generally been abolished."

Plaintiff then regurgitates its previous attacks against the reliability of the affiants, which the Court has already considered and rejected. Plaintiff has clearly failed to demonstrate that "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (quotations omitted). Therefore, Plaintiff's Motions for Reconsideration must be denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motions to Reconsider the Court's rulings on its First, Fourteenth and Fifteenth Motions in Limine are denied.

Date: February 4, 3005          E N T E R E D:

_____
Arlander Keys
United States Magistrate Judge

6