

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TELEWIZJA POLSKA USA, INC.,<br>an Illinois corporation,<br><br>Plaintiff,<br><br>v.<br><br>ECHOSTAR SATELLITE CORPORATION,<br>a Colorado corporation,<br><br>Defendant. | Judge Ronald A. Guzmán<br><br>02 C 3293 |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant EchoStar Satellite Corporation's ("EchoStar") motion to strike plaintiff Telewizja Polska USA, Inc.'s ("Polska") unjust enrichment claim ("Count II"), for a judicial (as opposed to jury) determination of Polska's unjust enrichment claim and for a separate trial on unjust enrichment remedies. For the following reasons, the Court denies EchoStar's motion in its entirety.

## Background

The Court assumes familiarity with the facts of this case. The facts have been provided in the Court's September 3, 2004 Memorandum Opinion and Order. *Telewizja Polska USA, Inc. v. EchoStar Satellite Corp.*, No. 02 C 3293, 2004 WL 2005808, at *1-2 (N.D. Ill. Sept. 3, 2004).

## Discussion

### I. Motion to Strike Polska's Unjust Enrichment Claim

First, EchoStar moves to strike Polska's unjust enrichment claim. EchoStar filed this motion after the Court, over EchoStar's opposition, granted Polska leave to file its Third

Amended Complaint which included the unjust enrichment claim, and therefore, the Court views this motion as a motion to reconsider its prior ruling. "Such common law motions to reconsider are appropriate when the facts or law on which the decision was based change significantly, when the Court has misunderstood a party, has made a decision outside the adversarial issues presented to it, or has 'made an error not of reasoning but of apprehension.'" *TIG Ins. Co. v. Giffin, Winning, Cohen & Bodewes, P.C.*, 00 C 2737, 2002 WL 1803754, at *2 (N.D. Ill. Aug. 5, 2002) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)).

EchoStar's motion to strike the unjust enrichment claim merely rehashes the same arguments raised in its opposition to Polska's motion for leave to file the Third Amended Complaint. Further, the facts and law on which the decision was based have not changed significantly, and the Court notes that this case is in the exact same procedural posture as when EchoStar opposed Polska's motion for leave to file the Third Amended Complaint. Moreover, the Court is steadfastly sure that it has not misunderstood or misapprehended EchoStar, and the Court has not made a decision outside the adversarial issues presented to it. Accordingly, the Court denies the motion to strike the unjust enrichment claim.

## II. Motion for Judicial Determination of Polska's Unjust Enrichment Claim

EchoStar also moves the Court for a ruling that the unjust enrichment claim lies in equity, and therefore Polska has no right to a jury trial. Polska's unjust enrichment claim seeks disgorgement of, and payment to Polska, profits obtained by EchoStar when it sold subscriptions of Polska's programming to new customers during the wind-down period.

Pursuant to Federal Rule of Civil Procedure ("Rule") 38(a), "[t]he right of trial by jury as

declared by the Seventh Amendment to the Constitution . . . shall be preserved to the parties inviolate." FED. R. CIV. P. 38(a). Once a plaintiff demands a jury, "[t]he trial of all issues so demanded shall be by jury, unless . . . the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States." FED. R. CIV. P. 39(a). The Seventh Amendment restricts the right to a jury trial to "suits at common law, where the value in controversy shall exceed twenty dollars." U.S. CONST., amend. VII.

To determine whether a particular litigant is entitled to a jury trial, the Court must examine three factors. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989). "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Tull v. United States*, 481 U.S. 412, 417 (1987) (citations omitted). "The second stage of this analysis is more important than the first." *Granfinanciera*, 492 U.S. at 47-48. Indeed, there are some who advocate abolishing the common law test altogether. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 574 (1990) (Brennan, J., concurring) ("I believe that our insistence that the jury trial right hinges in part on a comparison of the substantive right at issue to forms of action used in English courts 200 years ago needlessly convolutes our Seventh Amendment jurisprudence."). "If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder." *Granfinanciera*, 492 U.S. at 42.

With regard to the first factor, the Seventh Circuit has stated that "[r]estitution is a

remedy historically and today dispensed in law and equity proceedings alike."[1] *Reich v. Cont'l Cas. Co.*, 33 F.3d 754, 755 (7th Cir. 1994); *see Medtronic, Inc. v. Intermedics, Inc.*, 725 F.2d 440, 443 (7th Cir. 1984) ("The origins of unjust enrichment are both legal and equitable."). This is due to the fact that "[r]estitution based upon unjust enrichment cuts across many branches of the law, including contract, tort, and fiduciary relationship." *See* 1 PALMER, THE LAW OF RESTITUTION § 1.1 at p. 2 (1978).

In 1760, the King's Bench, a court of law, in *Moses v. MacFerlan*, recognized that a plaintiff could sue for an action of assumpsit not merely based on an express or implied contract but also when fairness demanded that the plaintiff recover from the defendant. 97 Eng. Rep. 676 (K.B. 1760). "Claims for quasi-contract arose and developed under the common law writ of assumpsit and, as a result, were historically brought in the courts of law." *Fischer Imaging Corp. v. Gen. Elec. Co.*, 187 F.3d 1165, 1172 (10th Cir. 1999). Further, "[t]he common count[] of quantum meruit . . . allowed recovery for services . . . that had been supplied by the plaintiff to the defendant under circumstances constituting unjust enrichment." Colleen P. Murphy, *Misclassifying Monetary Restitution*, 55 SMU L. REV. 1577, 1600 (2002) (citing LORD GOFF OF CHIEVELEY & GARETH JONES, THE LAW OF RESTITUTION 3 (5th ed. 1998)); *see GSGSB, Inc. v. New York Yankees*, No. 91 Civ. 1803 (SWK), 1995 WL 507246, at *4 (S.D.N.Y. Aug. 28, 1995) ("Quantum meruit . . . [was] used at common law by pleaders in suits in assumpsit, and [is] still

---

[1] "Defining the term restitution and explaining its relationship to unjust enrichment is a complex question which many scholars have addressed." *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Ill. Range, Inc.*, 71 F. Supp. 2d 864, 871 n.4 (N.D. Ill. 1999). "To date there is no one precise definition for restitution, however, it is commonly accepted that unjust enrichment is the basis of restitution claims." *Id.* (quotations omitted). "Consequently, when referring to claims, causes of action, or remedies, the courts use the terms restitution and unjust enrichment interchangeably." *Id.*

used today." (quotation omitted)). Because "quantum meruit is an action at law, numerous federal courts have allowed actions for quantum meruit to be tried before a jury." *Id.* (listing cases); *see Henderson Bridge Co. v. McGrath*, 134 U.S. 260, 275-76 (1890) (affirming jury instructions given for quantum meruit claim brought at law).

Based on the historical origins of restitution and unjust enrichment, the Court holds that in the eighteenth century prior to the merger of the courts of law and equity, a suit such as this one where Polska seeks recovery for services that it supplied to EchoStar under circumstances constituting unjust enrichment was an action under common law. In any event, the Court is mindful that this factor is not determinative as to whether a right to jury trial attaches. *See id.* at 444 ("[W]hen th[e] right [to a jury trial] is at stake the Supreme Court does not use an exclusively historical approach to decide whether a claim is equitable.")

With regard to the second factor, the Court must determine whether the remedy Polska seeks is legal or equitable. EchoStar relies on *Roberts v. Sears Roebuck & Co.*, 617 F.2d 460, 465 (7th Cir. 1980), for the bright-line rule that "[r]estitution for the disgorgement of unjust enrichment is an equitable remedy with no right to a trial by jury." Alas, however, in *First National Bank of Waukesha v. Warren*, the Seventh Circuit rejected *Roberts*' proclamation as mere *obiter dictum*:

> The question in [*Roberts*] . . . was whether the plaintiff, having already had a jury trial and recovered damages, could have a second go-round on "equitable" theories; the court held that one bite at the apple is enough, and whether there should have been a jury trial in an equitable action (had there been one) was irrelevant in *Roberts*.

796 F.2d 999, 1000 (7th Cir. 1986). The *First National Bank* court noted that "[r]emedies known as 'restitution' were available in courts of law and equity alike before their merger, and terms such as 'restitution' and 'unjust enrichment' have slowly changed from distinctive forms

5

of action to measures of damages available in actions of all sorts." *Id.* "The evolution of the legal terms, coupled with the merger of the court systems, makes it difficult to say when a request for 'restitution' . . . is distinctively legal and when it is distinctively equitable–if these distinctions any longer have meaning for remedies measured solely in money." *Id.*

The Seventh Circuit in *Reich v. Continental Casualty Co.* has stated that "restitution straddles th[e] divide" between legal and equitable relief and that "[r]estitution is merely not an *exclusively* equitable remedy like an injunction." 33 F.3d at 756 (emphasis original). The *Reich* court interpreted the jurisprudence of the Supreme Court as holding "that restitution, in contrast to damages, is a remedy commonly ordered in equity cases and therefore an equitable remedy in a sense in which damages, though occasionally awarded in equity cases, are not." *Id.* (interpreting *Chauffeurs, Teamsters & Helpers, Local No. 391*, 494 U.S. at 570; *Tull*, 481 U.S. at 424). Therefore, the *Reich* court concluded that "restitution is a legal remedy when ordered in a case at law and an equitable remedy . . . when ordered in an equity case." *Id.*

So, is the instant case before the Court a case at law or an equity case? In this regard, the Court finds the *First National Bank* opinion enlightening. That court, in rejecting *Roberts'* bright-line rule, explained that the *Roberts* court mistakenly relied on two cases, *S.E.C. v. Commonwealth Chemical Securities*, 574 F.2d 90, 94-97 (2d Cir. 1978), and *S.E.C. v. Asset Management Corp.*, 456 F. Supp. 998, 999-1000 (S.D. Ind. 1978). *First Nat'l Bank*, 796 F.2d at 1000. The *First National Bank* court stated that in those two cases, where a public agency requested an order to compel the defendant to disgorge money and pay a victim, who was not a party to the litigation, the relief sought was equitable because the "agency seeks no money for itself." *Id.* However, "[t]he characterization of these actions as 'equitable' does not control when as here the plaintiff seeks money for its own coffers." *Id.*

Such is the case here, where Polska seeks money for its own coffers, *i.e.*, Polska wants EchoStar to disgorge profits made from the sale of Polska's programming to new subscribers during the wind-down period. Because Polska is not acting altruistically on behalf of a third party outside of these proceedings, the characterization of disgorgement based on unjust enrichment as an equitable action does not control. Thus, the Court holds that Polska seeks legal, rather than equitable, relief.

This provides a fitting segue to the third factor, whether this action involves a matter of a private or public right. "When Congress creates new statutory 'public rights' it may assign their adjudication to an administrative agency with which a jury trial would be incompatible, without violating the Seventh Amendment's injunction that jury trial is to be 'preserved' in 'suits at common law.'" *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 443 (1977). If the right at issue is a private right that involves "the liability of one individual to another under the law as defined," then a jury trial right attaches. *See Crowell v. Benson*, 285 U.S. 22, 51 (1932). If the right at issue is a public right that involves disputes "between the government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments," then a jury trial right does not attach. *See id.* at 50.

The instant case does not involve an assignment by Congress of the resolution of the unjust enrichment claim to a non-Article III adjudicative body. The parties agree that a private right is at stake here. In other words, this case involves the liability of one corporation to another. Accordingly, analysis of the third factor does not sway the Court from holding that Polska has a right to a jury trial as to its unjust enrichment claim.

## III. Motion for Separate Trial on Unjust Enrichment Claim

Lastly, anticipating that the Court might deny its motion to strike the unjust enrichment claim and motion for judicial determination of that claim, EchoStar moves for separate trials as to liability and damages. The motion is governed by Rule 42(b), which allows the separate trial of any issue when the separation would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." FED. R. CIV. P. 42(b). "Only one of these criteria--avoidance of prejudice or judicial economy--need be met before a court can order separation." *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999). "Next, the court must be satisfied that the decision to bifurcate does not unfairly prejudice the non-moving party." *Id.* "[B]ecause bifurcation risks additional delay, it has remained the exception and not the rule." *A.L. Hansen Mfg. Co. v. Bauer Prods.*, No. 03 C 3642, 2004 WL 1125911, at *2 (N.D. Ill. May 18, 2004). "The burden is on the moving party to show that bifurcation is proper." *Id.*

EchoStar argues that judicial economy requires bifurcation of the breach of contract and unjust enrichment remedy issues because a jury finding in EchoStar's favor on the breach of contract claim will obviate the need for the adjudication of the remedy for unjust enrichment. Further, EchoStar opines that bifurcation is desirable because then the jury will not need to hear evidence regarding revenues and profits in support of the unjust enrichment claim. Although the Court appreciates EchoStar's sensitivity to the waste of judicial resources, it rejects these arguments. The Court does not envision that Polska's proof of its unjust enrichment claim or damages flowing therefrom will require substantial time during the trial in comparison to the entire length of the trial. Revenues and profits from the sale of new subscriptions during the wind-down period should not be so difficult to prove that a separate trial is required. A single

8

trial in this case will lessen the delay, costs, and inconvenience to the parties, their witnesses, and the Court, and this is precisely the reason why separate cases are the exception and not the norm. As a whole, the Court holds that bifurcating the trial is unlikely to save judicial resources.

Second, as Polska has pointed out, EchoStar does not explain how it will be prejudiced by a single trial combining the breach of contract and unjust enrichment claims, and it is EchoStar's burden to establish that bifurcation is proper. EchoStar merely provides rules of law regarding prejudice and confusion, but it fails to impart to the Court why those rules apply in the instant case. This is not a complicated case with multiple defendants where prejudice based on confusion is an issue because the jury is required to figure out "who did what to whom and for what reason." *Bailey v. N. Trust Co.*, 196 F.R.D. 513, 518 (N.D. Ill. 2000) (quotation omitted). In addition, EchoStar could not possibly argue that a separate jury trial is required each and every time a jury is faced with an alternative theory of recovery. The Court is satisfied that the parties are quite capable of crafting jury instructions that clearly explain the circumstance in which the jury will reach the unjust enrichment claim.

Third, the uncertainty that EchoStar, and the Court in turn, might obtain some economy in expenses and resources if separate trials were ordered does not outweigh the prejudice to Polska from the considerable delay that will likely result if the Court orders two separate trials with two separate juries--especially in light of the Court's trial calendar. Thus, the balance of equities does not favor bifurcation. Accordingly, the Court denies EchoStar's motion for a separate trial.

## Conclusion

For the reasons set forth above, the Court denies (1) EchoStar's Motion to Strike Polska's Unjust Enrichment Claim [doc. no. 192-1] and (2) EchoStar's Motion, in the Alternative, for a Judicial Determination of Polska's Unjust Enrichment Claim and for a Separate Trial as to Unjust Enrichment Relief [doc. no. 192-2].

**SO ORDERED**          ENTERED: 9/28/05

*Ronald A. Guzman* (signature)
HON. RONALD A. GUZMAN
**United States Judge**