# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TELEWIZJA POLSKA USA, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) |
| | ) Judge Ronald A. Guzmán |
| v. | ) ) 02 C 3293 |
| ECHOSTAR SATELLITE CORPORATION, a Colorado corporation, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are Echostar Satellite Corporation's ("Echostar") objections to Magistrate Judge Arlander Keys' Report and Recommendation ("R&R") in which he recommended that the Court grant Telewizja Polska USA, Inc.'s ("Polska") motion for bill of costs and petition for fees and deny Echostar's motion to reconsider. For the reasons set forth in this Memorandum Opinion and Order, the Court adopts Magistrate Judge Keys' R&R in full.

## Background

On May 7, 2002, Polska filed suit against Echostar for: (1) violations of § 43(a) of the Lanham Trademark Act; (2) violation of the Illinois Consumer Fraud and Deceptive Practices Act; (3) violations of the Illinois Uniform Deceptive Trade Practices Act; (4) breach of contract; and (5) unjust enrichment. (R&R 1-2.) Echostar moved to dismiss, the Court granted the motion, Polska appealed, the decision was reversed and the case was remanded. (*Id.* 2.) Polska amended its complaint and alleged breach of contract or, in the alternative, unjust enrichment. (*Id.*) Echostar filed numerous affirmative defenses and counterclaims. (*Id.*)

In the Final Pretrial Order, Polska sought damages totaling over seven million dollars, $2,816,129.00 on its breach of contract claim and $5,769,196.00 for its unjust enrichment claim. The case proceeded to trial and the jury returned a verdict in favor of Polska on the breach of contract claim and awarded Polska $1,403,944.99. The jury found in favor of Echostar on its defamation counterclaim and awarded Echostar one dollar in compensatory damages and $18,299.88 in punitive damages.

Polska then filed a bill of costs and a petition for fees pursuant to Federal Rule of Civil Procedure 54(d) and the fee-shifting provision contained in the Affiliation Agreement entered into by the parties. (R&R 2-3.) Echostar responded that Polska was not a prevailing party, the fee amount should be reduced to reflect Polska's partial success, and the requested fees were unreasonable. (Def.'s Opp'n Pl.'s Pet. Att'ys' Fees 4.) Polska moved to strike those portions of Echostar's response challenging the reasonableness of the fees and costs because Echostar, in a Joint Statement filed with the Court, agreed not to challenge the reasonableness of Polska's rates, fees, hours and costs. (R&R 4.) On July 17, 2006, this Court granted the motion to strike. (*Id.*) Echostar moved to reconsider this ruling. (*Id.* 3-4.)

The Court referred the bill of costs, petition for fees, and motion to reconsider to Magistrate Judge Keys for an R&R. On April 24, 2007, Magistrate Judge Keys recommended that the Court: (1) grant Polska's bill of costs and petition for fees in its entirety and award Polska $738,780.62 in attorneys' fees, $22,321.42 in non-taxable costs and $21,059.47 in court costs; and (2) deny defendant's motion for reconsideration.

## Discussion

Federal Rule of Civil Procedure 72 instructs the Court to make a *de novo* determination

2

of those portions of the R & R to which Echostar objects. 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify" the R & R, "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Echostar objects to Magistrate Judge Keys' R&R to the extent that it found that Polska was a prevailing party and did not reduce the requested fees to account for Polska's limited success.[1] The Court addresses each argument in turn.

Federal Rule of Civil Procedure ("Rule") 54(d) provides for the recovery of litigation costs. The rule states that "[c]osts shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). District courts have broad discretion in deciding whether to award costs under this rule, however, Rule 54 "gives the prevailing party a strong presumptive entitlement to recover costs." *Perlman v. Zell*, 185 F.3d 850, 858 (7th Cir. 1999); *see Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *O.K. Sand & Gravel, Inc. v. Martin Marietta Techs., Inc.*, 36 F.3d 565, 571 (7th Cir. 1994).

In this case, Polska asserts that it is entitled to attorneys' fees and non-taxable costs because it qualifies as a prevailing party under both Rule 54(d) and the fee-shifting provision of the Affiliation Agreement. (Pl.'s Pet. Att'ys' Fees 2.) Article 10.15 of the Affiliation Agreement states that: "In the event of any suit or action to enforce or interpret this Agreement or any provision thereof, the prevailing party shall be entitled to recover its costs, expenses, and reasonable attorneys' fees, both at trial and on appeal, in addition to all other sums allowed by law." (*Id.*, Ex. 1, Affiliation Agreement.)

Courts have relied on Rule 54(d) case law to interpret the term "prevailing party" in

---

[1] Because Echostar does not object to the denial of its motion to reconsider, the Court need not address the issue.

3

contractual fee-shifting provisions. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (applying the meaning of "prevailing party" for the purposes of Rule 54(d) to the term "prevailing party" used in a contract governed by Illinois law). This is permissible because both Rule 54 and fee-shifting provisions have the common purpose of reimbursing a party for the cost of enforcing a legal right. *Id.*; *see Kessler v. Superior Care, Inc.*, 127 F.R.D. 513, 518-19 (N.D. Ill. 1989) (following *First Commodity Traders* and analogizing case law construing Rule 54(d) in interpreting "prevailing party" in a contractual fee-shifting provision); *Bellevue v. Kafka*, Nos. 92 C 4589, 92 C 6663, 1994 WL 127213, at *3 (N.D. Ill. Apr. 7, 1994) (utilizing definition of "prevailing party" as recognized by Rule 54(d) jurisprudence in construing the fee-shifting clause of a partnership agreement).

Under Rule 54(d), a prevailing party is the party who prevails as to a substantial part of the litigation. *First Commodity Traders*, 766 F.2d at 1015; *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 641 (7th Cir. 1991). It is not necessary for that party to have succeeded in all of its claims in order to obtain prevailing party status. *Holcomb v. United States*, 78 F.R.D. 527, 529 (E.D. Wis. 1978), *aff'd*, 622 F.2d 937 (7th Cir. 1980). However, if a party obtains only nominal damages, it may not be entitled to an award of fees. *See Tuf Racing Prods., Inc. v. Am. Suzuki Motor Corp.*, 223 F.3d 585, 592 (7th Cir. 2000). Courts take into account the relationship between the extent of the party's success and the amount of the award, especially when that party only succeeds as to certain claims. *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983).

Echostar maintains that Polska cannot be the prevailing party because Polska recovered substantially less than it originally sought. (Def.'s Objections 5.) This argument, however, is not persuasive. The Seventh Circuit does not disqualify a litigant from being considered the

4

prevailing party simply because it was awarded only a portion of what it sought to recover at the outset of the litigation. *See Tuf Racing Prods.*, 223 F.3d at 592. When comparing the amount Polska was ultimately awarded with the amount it originally sought, Polska recovered at least twenty percent of the requested damages. Courts in this district have granted a litigant prevailing party status based on similar percentages of recovery. *See id.* (awarding fees when plaintiff obtained more than ten percent of what it demanded from jury); *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2003 WL 1908023, at *1 (N.D. Ill. Apr. 18, 2003) (deeming litigant a prevailing party when it won only eleven percent of the amount it requested); *Great Lakes Dredge & Dock Co. v. Com. Union Assur. Co.*, No. 94 C 2579, 2000 WL 1898533, at *6 (N.D. Ill. Sept. 18, 2000) (deeming litigant a prevailing party when it recovered less than half of what it potentially could have be awarded). *Cf. Northbrook Excess*, 924 F.2d at 642 (finding that a party did not prevail as to a substantial party of the litigation when it achieved a *de minimus* recovery of only .09% of the award it sought). Thus, Polska can correctly be deemed the prevailing party although it was only awarded a portion of the amount it sought for the breach of contract claim.

Further, the fact that Polska reduced the amount it sought to recover prior to trial is not fatal. *See Tuf Racing Prods.*, 223 F.3d at 592-93 (awarding fees and costs when plaintiff scaled back its claim before trial). Polska filed its Amended Final Pre-Trial Order reducing the amount sought five months prior to trial, giving Echostar time to prepare its defense accordingly. (Pl.'s Resp. Objections 3.) Therefore, while there may be instances where it is appropriate to penalize a plaintiff for requiring its opponent to defend a much larger claim than the plaintiff could prove, this is not the case here. *See Tuf Racing Prods.*, 223 F.3d at 592.

The Court agrees with Magistrate Judge Keys that the amount awarded to Polska cannot

be categorized as nominal. *See Kitchen v. TTX Co.*, No. 97 C 5271, 2001 WL 40803, at *1 (N.D. Ill. Jan. 7, 2001) (stating that recovery of less than ten percent of what was requested is not nominal). The jury awarded Polska over $1.4 million which is certainly not such a small amount that the Court should deny award of fees and costs automatically.

Echostar also asserts that Magistrate Judge Keys erred in characterizing Polska as the prevailing party because Polska did not win on the unjust enrichment claim, which Echostar characterizes as the "real stakes" of the litigation. (Def.'s Objections 4.) According to Echostar, the unjust enrichment claim was the dominant issue in the case because, if successful, it entitled Polska to more financial gain in terms of damages. (*Id.* at 4-5.) It is true that the amount Polska sought based on the unjust enrichment claim was slightly over double what it sought based on the breach of contract claim. However, Echostar is mistaken in arguing that because the jury accepted the less lucrative of two claims, Polska did not prevail on the most important claim.

In *Perlman v. Zell*, a case relied upon by Echostar, the court refused to award attorneys' fees because the plaintiff failed on a RICO claim which constituted the "real stakes" of the case. 185 F.3d at 858, 860. However, in determining that the RICO claim was the dominant issue, the court did not rely solely on the amount of recovery the RICO claim would have generated. *Id.* at 859. The court also noted that the unsuccessful RICO claim was the only basis for subject matter jurisdiction and explained that courts have discretion to deny fees when "the outcome shows that the case did not belong in federal court." *Id.*

In contrast to *Perlman*, the jurisdictional basis of the instant case is diversity. The amount of damages requested does not, in and of itself, dictate which claim was dominant. Polska asserted the breach of contract claim as its primary theory of recovery and argued unjust enrichment in the alternative. (Pl.'s Resp. Objections 11.) Clearly, Polska intended for its

6

breach of contract claim to take precedence. *Id.* The jury's decision to accept one claim over the other does not create a basis for denying fees and costs. *See Ustrak v. Fairman*, 851 F.2d 983, 988 (7th Cir. 1988) ("A partially prevailing party should be compensated for the legal expenses he would have borne if his suit had been confined to the ground on which he prevailed plus related grounds."); *Chamberlain Mfg. Corp. v. Maremont Corp.*, No. 92 C 356, 1995 WL 769782, at *3 (N.D. Ill. Dec. 29, 1995) (awarding costs despite plaintiff's success on two of four claims because the unsuccessful and successful claims were based on substantially similar legal theories and finding that plaintiff prevailed on the core issues).

This Court agrees with Magistrate Judge Keys' assessment that the unjust enrichment claim was not the dominant issue in this case. (R&R 8.) Because Polska succeeded on its breach of contract claim and recovered an award that was substantial, it should be deemed the prevailing party for the purposes of the Affiliation Agreement and Rule 54(d).

Next, Echostar contends that Magistrate Keys erred in recommending that Polska recover the full amount of costs and fees. (Def.'s Objections 6.) It argues that the fees should instead be reduced because Polska prevailed on only some of the claims it asserted. (*Id.* 7.)

In support of its argument that a court may, in its discretion, award attorneys' fees in proportion to prevailing party's degrees of success, Echostar cites *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d at 1015, in which the Seventh Circuit affirmed an award of reduced attorneys' fees because plaintiff prevailed on only one of seven claims pursued at trial. In contrast to *First Commodity Traders*, however, Polska's success was not so limited. Although Echostar repeatedly contends that Polska succeeded on only one of five claims, it is the claims in the amended complaint, not those that were originally filed and withdrawn, that are central to the Court's inquiry. Polska solely seeks fees related to the claims asserted in the

7

amended complaint. (Pl.'s Pet. Att'ys' Fees 1-2.) Additionally, in evaluating the degree of success achieved by Polska, it is important to reiterate that the breach of contract and unjust enrichment claims were filed in the alternative. Polska could only have recovered under one theory, and in the end, it did. Further, case law reveals instances in which a prevailing party was awarded less than it sought in damages yet was still awarded the full extent of attorneys' fees and costs requested. *See Cruz*, 275 F.3d at 592 ("With respect to the damages award, the fact that the jury did not award the full amount that the plaintiffs sought does not automatically mean that the fees had to be discounted, either."); *Tuf Racing Prods.*, 223 F.3d at 592 (reasoning that the value of a claim should not cap the amount that can be awarded for attorneys' fees). Ultimately, this Court has wide discretion to determine whether, and to what extent, to award fees and costs. In short, the Court finds no reason to disagree with Magistrate Judge Keys' recommendation to award Polska's requested fees and costs in full.

## Conclusion

For the reasons set forth above, this Court adopts the R&R of Magistrate Judge Keys and hereby grants Polska's Motion for Bill of Costs [doc. no. 294], grants Polska's Petition for Attorneys' Fees [doc. no. 302], and denies EchoStar's motion for reconsideration of the District Court's order [doc. no. 308]. Plaintiff is hereby awarded $738,780.62 in attorneys' fees, $22,321.42 in non-taxable costs, and $21,059.47 in court costs.

**SO ORDERED**  ENTERED: 10/30/07

HON. RONALD A. GUZMAN
**United States Judge**

8